UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NEWTON MCLEOD,

    Petitioner,

v.                                                     Case No: 6:16-cv-195-Orl-18TBS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

    Respondents.
_____/

## ORDER

This cause is before the Court on Petitioner's Motion for Reconsideration ("Motion," Doc. 25). The Motion involves the Court's Order dismissing the case (Doc. 22) and corresponding Judgment (Doc. 23).

Petitioner has not indicated which Federal Rule of Civil Procedure he relies on to assert the Motion. A motion for reconsideration is typically governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight days of entry. Fed. R. Civ. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).[1]

---

[1] A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted

"A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johsnson*, 598 F.3d 734, 740 (11th Cir. 2010). Rather, the three primary grounds justifying the grant of a motion for reconsideration are: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Delaware Valley Flora Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010) (quotation omitted).

Here, Petitioner has failed to demonstrate unusual circumstances, newly discovered evidence, intervening change in controlling law, or the need to correct manifest injustice. As such, Petitioner is not entitled to relief thereunder.

Federal Rule of Civil Procedure 60(b) also permits reconsideration of a district court order or judgment based on limited number of circumstances.[2] A motion under Rule 60(b) must be made within a reasonable time and, for certain matters, no more than a year after the entry of the order or judgment. In particular, a motion based on reasons (1), (2), and (3) must be filed no more than a year after the entry of the judgment or order

---

the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).

[2]The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.

or the date of the proceeding. Here, Petitioner fails to allege, or otherwise demonstrate, any of the factors set forth in Rule 60(b) or to provide any other basis for reconsideration of the Court's Order of dismissal. Here, the Motion contains no allegation as to newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; Petitioner offers no other reason justifying relief. At best, Petitioner presents issues already ruled upon by the Court, either expressly or by reasonable implication, which will not support a motion for reconsideration.

Accordingly, it is **ORDERED** that the Motion for Reconsideration (Doc. 25) is **DENIED**. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied with regard to the denial of this motion.

**DONE** and **ORDERED** in Orlando, Florida on November 4, 2017.

G. KENDALL SHARP
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 11/29

3